**WALLING, Administrator of the Wage and Hour Division, United States Department of Labor, v. GREEN HEAD BIT & SUPPLY CO.**

No. 2751.

Circuit Court of Appeals, Tenth Circuit.

Oct. 22, 1943.

454

George B. Searls, Atty., U. S. Department of Labor, of Washington, D. C. (Douglas B. Maggs, Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., Llewellyn B. Duke, Regional Atty., of Dallas, Tex., and Morton Liftin, Atty., U. S. Department of Labor, of Washington, D. C., on the brief), for appellant.

M. W. McKenzie, of Oklahoma City, Okl. (Everest, McKenzie & Gibbens, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Green Head Bid & Supply Company [1] is an Oklahoma corporation engaged in the manufacture, sale, and repair of equipment used in the drilling and operation of oil and gas wells. It is engaged in commerce and in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938,[2] 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. The employer, in the conduct of its business, employs welders and welders' helpers. It entered into oral contracts with its welders' helpers. Each contract provided that if the employee worked 42 hours or less per week from October 22, 1939, to October 22, 1940, he would be paid at the rate of 50 cents per hour; that if he worked in excess of 42 hours in any work week his regular rate of compensation would be reduced so that compensation at such reduced regular rate for 42 hours, plus one and one-half times such reduced regular rate for the hours in excess of 42 in such work week, would equal 50 cents per hour for the total number of hours worked. In other words, the employer and each welders' helper agreed that the latter's compensation should be 50 cents per hour for 42 hours or less in any work week, but that if he worked hours in excess of 42, the regular rate would be so reduced that the application of the statutory requirement of one and one-half times such regular rate for the overtime would result in the employee receiving 50 cents per hour straight time. Thus, it will be seen that if a welders' helper worked 42 hours or less, he received 50 cents per hour straight time. If he worked in excess of 42 hours, he still received 50 cents per hour straight time. Like agreements were entered into between the employer and the welders, except that the regular rate for 42 hours or less was $1 per hour instead of 50 cents.

Like contracts were made for the period subsequent to October 22, 1940, on the basis of 40 hours per week regular time.

The employer brought this action against certain of its welders and welders' helpers, and against one other employee not involved in this appeal, for a declaratory judgment, wherein it prayed that the court determine whether it had complied with the Act and fully compensated each defendant-employee for each work week he had worked and determine and adjudge its liability in each work week to each defendant-employee above and beyond compensation paid him, if it had not fully complied with the Act.

Thomas W. Holland,[3] Administrator of the Wage and Hour Division of the United States Department of Labor, filed an intervening petition in which he denied that the method of payment complied with § 7 of the Act, and alleged that each of the defendant-employees was entitled to additional compensation. The trial court held that payments made in accordance with the oral contracts referred to above met the requirements of the Act, and entered judgment accordingly. Walling, Administra-

[1] Hereinafter called the employer.
[2] Hereinafter called the Act.
[3] L. Metcalfe Walling succeeded Holland as Administrator of the Wage and Hour Division, and was substituted as party-intervener in the court below.

tor, has appealed from that part of the judgment of the District Court which decreed that payments to the welders and welders' helpers in accordance with such oral contracts complied with the Act.

We think the instant case is distinguishable from Walling v. Belo Corporation, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716. In that case the contract fixed a regular rate; it also provided a weekly guaranty. The application of the contract regular rate to the statutory maximum of hours and of one and one-half times that regular rate to the hours worked in excess of the maximum resulted in no additional compensation until the wages so computed equaled the weekly guaranty. However, when the employee worked enough hours that his wages so computed exceeded the weekly guaranty, he received for his overtime one and one-half times the contract regular rate and such regular rate for regular time.[4]

In the instant case, there was no weekly guaranty. What was guaranteed was a stipulated hourly wage, and the employee received that hourly wage and no more and no less, regardless of the number of hours he worked, whether the hours worked equaled, were less, or were more than the statutory maximum. He did not know in advance how much his regular rate would be reduced by the application of the contract formula. It depended wholly on the number of overtime hours he worked. He only knew that whether he worked regular time or regular time and overtime, he would receive compensation at the same stipulated rate per hour for all of the hours worked.

We think the contract, in substance, was an agreement to pay a stipulated rate per hour for all hours worked and no extra pay for overtime, and that the agreement to so reduce the regular rate, dependent on the number of overtime hours worked, so as to obtain that result, was a device to avoid the provisions of the Act.

Private contracts cannot take overtime services "from the reach of dominant constitutional power."[5]

We conclude that the regular rate was 50 cents per hour for welders' helpers and $1 per hour for welders.

Reversed and remanded with instructions to proceed further in accordance with this opinion.

---

[4] In the opinion the court said (at pages 628, 629, 634 of 316 U.S., at page 1226 of 62 S.Ct., 86 L.Ed. 1716):

"In most cases, as in this example, the specified hourly rate was fixed at 1/60th of the guaranteed weekly wage. The result was that during the first year under the Act when the statutory maximum of regular hours was 44, the employee was required to work 54½ hours before he became entitled to any pay in addition to the weekly guaranty. When the employee worked enough hours at the contract rate to earn more than the guaranty, the surplus time was paid for at the rate of 150% of the hourly contract wage. * * * It [the contract] specifies a basic hourly rate of pay and not less than time and a half that rate for every hour of overtime work beyond the maximum hours fixed by the Act."

[5] Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 577, 62 S.Ct. 1216, 1220, 86 L.Ed. 1682.