**UNITED STATES v. P. & W. COAT CO., Inc., et al.**

**Cr. No. 39377.**

District Court, E. D. New York.

Dec. 10, 1943.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N.Y., (John K. Carroll, James V. Altieri, and John P. Cawley, all of New York City, of counsel), for the United States.

Sol. I. Smithline, of Brooklyn, N.Y., (Max Ehrlich, of New York City, of counsel), for respondents.

GALSTON, District Judge.

L. Metcalfe Walling, Administrator of the Wage and Hour Division, filed a petition to have a prosecution for criminal contempt instituted against the above named respondents. It appears from the petition that the Administrator had instituted a civil action in this court to restrain the P. & W. Coat Company, Inc., its officers and agents, from violating certain provisions of the Fair Labor Standards Act of 1938, Title 29 U.S.C.A. § 201 et seq. Thereafter on April 15, 1942, a final judgment by consent was entered in the action, restraining the company, its officers and agents from violating any provisions of the Act, or paying its employees wages at less than 40¢ an hour; or employing any of its employees for work weeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours at rates less than one and a half times their regular rates of pay; from failing to keep records of persons employed by it and of the wages, hours and other conditions of employment as prescribed by the regulations as amended by the Administrator of the Wage and Hour Division; and from making false or inaccurate entries in records or reports.

The petition then alleges that subsequent to the date of the entry of the judgment, the respondents failed to comply with the judgment and have violated its terms; that such acts constitute a contempt of this court. The petition prays that the respondents be prosecuted for such criminal contempt and that an order issue requiring them to show cause why they should not be adjudged in criminal contempt. The petition requested the appointment of the United States Attorney for the Eastern District of New York to represent the court and to prosecute the aforesaid respondents.

Accordingly, an order to show cause conformable to the prayer of the petition was signed on July 15, 1943. On August 19, 1943, the defendants appeared and by answer denied material allegations of the petition, alleged that "the court or the criminal part of the court lacks jurisdiction of the subject matter"; that the alleged violations were not committed in the presence or the close proximity of the court, and could not constitute a criminal contempt, and accordingly moved for the dismissal of the petition. At the same time they demanded a jury trial. Subsequently the request for a jury trial was withdrawn and the defendants, by stipulation filed September 1, 1943, agreed to waive any rights to a trial by jury.

On November 4, 1943 the matter came on for trial before this court. At the outset the respondents again waived a trial by jury, though the right to such trial was offered them by the court.

■ The defendants stand on an issue of law rather than on any controversy of the facts. The Government's proof establishes that the respondents paid a number of the company's employees less than the minimum rate of 40¢ an hour and that they employed a number of employees for work weeks in excess of 40 hours without compensating them at time and a half their regular rate of pay. The proof also supports the allegation of the petition that the records were falsified in violation of the terms of the decree. All of this evidences a wilful violation as testified to by the Government's witnesses Rosen and Sacks, piece workers, and by Lempert, an hourly rate employee. Other testimony of Mary Montenino and Adele Broncino discloses that they were paid at rates substantially less than 40¢ an hour and that they worked in excess of 40 hours weekly without receiving time and a half for overtime.

Peter Badolucco, one of the respondents, was ill and the matter as to him was severed. Joseph Wank, the other individual defendant, managed, supervised and controlled the business activities of the corporate respondent; and though he was not named as a defendant in the civil suit, it was conceded at the trial that Wank was apprised that a restraining order had been entered against the corporation and the other individual respondent. I believe that it is a fair inference supported by the proof in this case that Wank knew not only that the corporate defendant but also its officers and agents were obligated by the terms of the consent judgment. In passing, though, it should be observed that the provisions of the decree (designated a judgment in the papers) are so general as to be a mere re-statement of the statute itself. Indeed, if that decree had not been entered, the respondents would have been as effectively bound by law as they now are by the decree. It contains no specific provisions, for there is no schedule annexed to the stipulation which by the decree is made part of the judgment.

Accordingly I find both the corporate defendant and Wank guilty of contempt for violating the terms of that consent judgment.

■ The respondents argue that criminal contempts are crimes, as, of course, they are, and that accordingly the accused are entitled to the benefits of all constitutional safeguards, citing Ex parte Grossman, 267 U.S. 87, 45 S.Ct. 332, 69 L.Ed. 527, 38 A.L.R. 131; Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767. Respondents also assert that defendants cannot be convicted except by proof beyond a reasonable doubt and cannot be compelled to testify against themselves, United States v. Goldman, 277 U.S. 229, 48 S.Ct. 486, 72 L.Ed. 862. All of the foregoing can be conceded. The respondents then insist that the prosecution in this matter should have been by way of information or indictment, and that by adopting the practice followed herein, the Government is seeking to deprive the respondents of their constitutional rights.

The power of the court to punish for contempt is set forth in 28 U.S.C.A. § 385, which in part reads: "The said courts shall have power * * * to punish, by fine or imprisonment * * * contempts of their authority. Such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice * * * and the disobedience or resistance * * * by any party * * * or other person to any lawful writ, process, order, rule, decree, or command of the said courts."

■ What is the procedure that should be adopted to initiate the process? The respondents, as has been stated, argue that the formal and usual methods are by indictment or information; however they fail to cite any authority to support such

contention. On the contrary, however, there is authority to support the practice adopted by the Government. Indeed, Rule 16 of the rules of this court provides: "Where it is sought to adjudicate a person in criminal contempt for misconduct committed elsewhere than in the immediate presence or hearing of the court, such proceeding shall be brought by the United States Attorney in the name of the United States." This rule finds its basis in Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767, and in Re Savin, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150. In the former case it is said [267 U.S. 517, 45 S. Ct. 395, 69 L.Ed. 767]: "Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation * * *. In such a case, and after so long a delay, it would seem to have been proper practice, as laid down by Blackstone (4 Commentaries, 286), to issue a rule to show cause. The rule should have contained enough to inform the defendant of the nature of the contempt charged." And in Re Savin [131 U.S. 267, 9 S.Ct. 702, 33 L.Ed. 150] the court said: "Where the contempt is committed directly under the eye or within the view of the court, it may proceed 'upon its own knowledge of the facts, and punish the offender, without further proof and without issue or trial in any form,' (Ex parte Terry, 128 U.S. 289, 309 [9 S.Ct. 77, 32 L.Ed. 405]); whereas, in cases of misbehavior of which the judge cannot have such personal knowledge, and is informed thereof only by the confession of the party, or by the testimony under oath of others, the proper practice is, by rule or other process, to require the offender to appear and show cause why he should not be punished."

Nor can it be said that the respondents were not fully advised of the charges made. The Government's petition is specific in its allegations and in addition is supported by the affidavit of one Kleinberger, an inspector in the Wage and Hour Division. So the respondents appeared at the motion fully informed of the complaint which they were called upon to meet.

However, in determining the nature of the punishment to be imposed considera-tion must be given to the Fair Labor Standards Act of 1938, which in Sec. 16(a) provides that "no person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection." In consequence there will be no jail sentence in this proceeding, for it is felt that if such jail sentence were imposed, this court would be lending countenance to the not at all commendable attempt of the Wage and Hour Division of the Department of Labor to circumvent the intention of the Congress. Moreover, however technically correct the practice followed may have been in this case, it would seem that the more direct method was that followed in Fleming, Administrator of Wage and Hour Division, U. S. Department of Labor, v. Alderman et al., D.C., 51 F.Supp. 800. In that action the motion to punish for criminal contempt to comply with a consent decree was made in the civil action itself. A fine was imposed and provision made in the order that if the contempt were not purged within ten days after the entry thereof, the defendants would be committed.

It may be noted that in the colloquy following the close of the present proceeding, the court said to the attorney for the respondents:

"The Court: In consequence, if the Court should determine that there has been proof offered to sustain the allegations of the petition with respect to the violation of the contempt decree, then it would seem to me that your position is that a fine can be imposed, is that right?

"Mr. Smithline: Yes. I also contend that it is necessary for the Government to prove wilfullness on the part of the respondent.

"The Court: That is a matter of intention."

The intention to violate the terms of the decree can be inferred without the slightest question of doubt from the proof in this case. Accordingly I impose a fine of $1,000 on the corporate defendant, and $500 on the respondent Joseph Wank, and direct that the aforesaid fines be paid within ten days. If the respondent Wank fails to purge himself of the contempt herein within said period, an order for his commitment will issue.