UNITED STATES v. B. & W. SPORTS-
WEAR, Inc., et al.

Cr. No. 39376.

District Court, E. D. New York.

Dec. 30, 1943.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (John K. Carroll, James V. Altieri, and John P. Cawley, all of New York City, of counsel), for petitioner.

Samuel M. Ostroff, of New York City, for defendants.

ABRUZZO, District Judge.

The Administrator of the Wage and Hour Division, United States Department of Labor, made an application for an order to show cause, returnable July 26, 1943, why the defendants should not be found guilty of criminal contempt of court by reason of their failure to comply with a decree and judgment of this court, dated April 15, 1942.

The preliminary steps leading up to the obtaining of this order to show cause can be summarized as follows:

On April 15, 1942, a decree and judgment was entered against B. & W. Sportswear, Inc., and Benjamin Weintraub, Samuel B. Weintraub and Benjamin Bleifeld, individually, the terms of which provided that there had been a violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. This decree was entered pursuant to stipulation, dated March 14, 1942. Benjamin Weintraub and Benjamin Bleifeld appeared personally in open court at a hearing in the said action, on April 10, 1942, and at that time the defendants were interrogated as to whether they understood the nature of the proceedings which resulted in the stipulations of March 14, 1942. They averred that they were cognizant of the nature of the proceedings and were aware that disobedience of the provisions in a decree and judgment about to be entered might subject them to a term of imprisonment.

The decree enjoined and restrained the respondents as follows:

(1) From paying any of their employees wages at rates less than the forty (40) cent minimum prescribed by any applicable

wage order issued by the Administrator of the Wage and Hour Division of the United States Department of Labor.

(2) From employing any of their employees for a workweek longer than forty (40) hours unless such employee received compensation for his employment in excess of forty (40) hours in such workweek at a rate not less than one and one-half times his regular rate of pay;

(3) From transporting or selling in commerce any goods in the production of which any employee was employed at wages less than forty (40) cents an hour;

(4) From transporting or selling in commerce any goods in the production of which any employee was employed for more than forty (40) hours per week unless such employee received compensation for his employment for hours over forty (40) in such workweek at a rate not less than one and one-half times his regular rate of pay;

(5) From transporting or selling with knowledge that shipment or sale in commerce is intended any goods produced by employees receiving less than forty (40) cents an hour.

(6) From transporting or selling with knowledge that shipment or sale in commerce is intended any goods produced by employees who worked more than forty (40) hours a week and received compensation for such excess hours at a rate less than one and one-half times his regular rate of pay;

(7) From failing to make, keep and preserve records of persons employed and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations of the Administrator, and

(8) From making any entries which are inaccurate or do not comply with the requirements and regulations under the Act.

Upon the return of this order to show cause, the defendants filed an answer and later the cause came on to be heard before this court.

Upon being interrogated as to whether they desired a trial by jury, the defendants by their attorney waived this right and consented to a trial by the court. Witnesses were called and sworn and upon the conclusion of the Government's case, the defendants rested without offering any proof. An opportunity was then granted to the defendants to file a brief.

The undisputed proof is to the effect that Benjamin Weintraub, Samuel B. Weintraub and Benjamin Bleifeld were president, vice president and treasurer, respectively, of the B. & W. Sportswear, Inc., and that in such capacity they at all times managed, supervised, directed and controlled the business and operations of the respondent corporation during the period between the entry of the decree in question and the service of the order to show cause.

It was proved conclusively that these respondents did wilfully disobey the terms of the said decree and the court finds from the facts that they failed to pay their employees wages at the rates of forty (40) cents minimum prescribed by the applicable wage order issued by the Administrator of the Wage and Hour Division of the United States Department of Labor, that they employed certain employees for workweeks longer than forty (40) hours and failed and refused to compensate such employees for the hours over forty (40) in such weeks at rates not less than one and one-half times their regular rate of pay; and that they shipped with knowledge goods in interstate commerce manufactured at their place of business.

■ The Government has sustained its burden of establishing by facts the guilt of the defendants beyond a reasonable doubt. The contempt on the part of these defendants was wilful and flagrant for which punishment should be meted out to fit the culpability of the defendants.

Since the obtaining of the present order to show cause, the Government has persistently endeavored to have a jail sentence imposed for these flagrant contempts. Should the court be empowered to do so, the violations of which the defendants are guilty would require the imposition of a jail sentence in order that the punishment fit the degree of culpability.

The power of the court to punish for contempt is found in 28 U.S.C.A. § 385, which reads in part as follows: "The said court shall have power * * * to punish, by fine or imprisonment * * * contempts of their authority. Such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice * * * and the disobedience or resistance * * * by any party * * * or any other person to any

lawful writ, process, order, rule, decree, or command of the said court."

 Rule 16 of the rules of this court provides: "Where it is sought to adjudicate a person in criminal contempt for misconduct committed elsewhere than in the immediate presence or hearing of the court, such proceedings shall be brought by the United States Attorney in the name of the United States."

No fault can be found with the correctness of the procedure pursued by the Government. See Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767, and in Ex parte Savin, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150.

In determining the nature of the punishment to be imposed, one must take into consideration the context of the Fair Labor Standards Act of 1938, § 16(a), 29 U.S. C.A. § 216(a), which provides "no person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection."

It will thus be seen that the imposition of a term of imprisonment could not be imposed, except in the case of a second conviction.

In the event that a jail sentence were imposed at this time, the court would be countenancing an attempt to circumvent the intention of Congress. It cannot be said that such an attempt is undesirable in the face of the flagrancy of the contempt committed by these defendants, but the court feels it is not empowered to sentence the defendants to a term of imprisonment. A better procedure was followed in Fleming, Administrator of Wage and Hour Division, U. S. Department of Labor, v. Alderman et al., D.C., 51 F.Supp. 800, in which a motion was made to punish for contempt in failing to comply with a consent decree in a civil action. A fine was imposed rather than a jail sentence but the order provided that if the fine were not paid the defendants were to be committed for failing to comply with the order. This rule was followed recently in a decision by another judge of this court in the matter of United States of America v. P. & W. Coat Co., Inc., 52 F.Supp. 792. The circumstances involved in that case were similar to those of the one at bar.

Therefore, the court finds that it lacks the power to impose a jail sentence but has the authority to fine the defendants. The corporate defendant is fined $1,000, and the individual defendants, Benjamin Weintraub, Benjamin Bleifeld and Samuel Weintraub, are fined $500 each.

Settle order on notice.