**NABOB OIL CO. v. UNITED STATES.**
**OWENS v. UNITED STATES.**

Nos. 4225, 4226.

United States Court of Appeals
Tenth Circuit.

July 10, 1951.

Robert D. Hudson, Tulsa, Okl. (Oscar C. Essman, Tulsa, Okl., was with him on the brief), for appellants.

John S. Athens, Tulsa, Okl. (Whit Y. Mauzy, Tulsa, Okl., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

An indictment containing 17 counts was returned against the appellants in these two appeals charging violations of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219. Both defendants were convicted on all counts except 9 and 10 which were dismissed. Each of the first 10 counts charged that the defendants were employers within the meaning of the Fair Labor Standards Act and that each had willfully violated the Act during the year 1948 by unlawfully working employees more than 40 hours during certain work weeks in the production of crude oil for interstate commerce without paying for the hours worked in excess of 40 at a rate of not less than one and one-half times the regular rate at which they were employed. Count 11 charged the defendants with unlawfully and willfully failing to make, keep and preserve adequate and accurate records showing the hours worked each work day and each work week by employees employed as pumpers who were engaged in the production of crude oil for interstate commerce. The last 6 counts charged that the defendants had violated the Act by shipping crude oil from the leases upon which the employees were employed overtime without having paid the overtime rate of pay as provided for in the Act.

Defendants do not contend here that the employees named in the first 8 counts of the indictment did not work more than 40 hours in the weeks named in those counts, or that they were paid at a rate of one and one-half times that which they received for the first 40 hours. Neither is it contended by the defendants that the books and records were accurate or that the oil taken from the leases was not shipped in interstate commerce. The defense was that beginning January 1, 1947, the employees were given a 15 cent an hour pay raise with the agreement that this additional pay was for the purpose of paying for any overtime which the employees might work and was not actually a pay raise. This was disputed by the employees.

Sec. 207(a) of the Act prohibits the employment of employees engaged in commerce for a work week of longer than 40 hours, unless such employee is paid at the rate of not less than one and one-half times the regular rate at which he is employed for hours in excess of 40. Sec. 215(a), (5), makes it unlawful for any person to make any statement, report or record required by the Act knowing it to be false. By the terms of Sec. 215(a), (1), it is unlawful to transport, offer for transportation, ship, deliver, or sell in commerce or to ship, deliver, or sell with knowledge that the shipment or delivery or sale thereof in commerce is intended, any goods in the production of which any employee was employed in violation of Section 207 of the Act. A violation of the foregoing sections is made criminal by Sec. 216, punishable by a fine of not more than $10,000 for the first offense and a fine and imprisonment of not more than six months or both for subsequent offenses for willful violations.

It is first contended that the court, in its instructions to the jury, failed to give proper definition of a willful violation of the Act. The jury was instructed that: "The word 'wilfully' connotes an intentional violation of the law. And you are advised, gentlemen of the jury, that a defendant who actually does violate the provisions of the Fair Labor Standards Act would not be guilty of a criminal offense unless he is either conscious of the fact that what he is doing constitutes a violation of the Act or unless he wholly disregards the law and pursues a course without making any reasonable effort to determine whether the plan he is following would constitute a violation of the law or not." The defendants objected generally to this portion of the instruction and set forth no grounds for the objection. This objection does not meet the requirements of Rule 30, Federal Rules of Criminal

Procedure, 18 U.S.C.A., which says in part: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." An objection to an instruction should be sufficiently specific to call to the trial court's attention this precise nature of the alleged error.[1] We have, however, considered the sufficiency of the instruction and are of the opinion that the definition correctly defines the term "willful" as used in statutes such as the one being considered here. In some penal statutes the word willful means that the offense must be committed malevolently, with a bad purpose or an evil mind. These offenses ordinarily involve moral turpitude but in those statutes denouncing acts not in themselves wrong, such an' evil purpose or criminal intent need not exist. It is sufficient if the act was deliberate, voluntary and intentional as distinguished from one committed through inadvertence, accidentally or by ordinary negligence.[2]

■ It is next contended that the court in discussing the evidence in its instructions, in effect instructed a verdict of guilty against the appellants by stating that the evidence was undisputed, that the regular rate of pay of the employees was at $1 per hour and that the employees worked more than 40 hours during the weeks in question and that a compliance with the act would have necessitated payment of $1.50 per hour for the hours worked in excess of 40 for each week.[3] The defendants made only general objection to this instruction which did not meet the requirements of Rule 30 of the Rules of Criminal Procedure. We think, however, that it was a correct statement of the undisputed testimony as shown by the record and was proper to give under the circumstances of this case.[4]

1. Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645; Eagleston v. United States, 9 Cir., 172 F.2d 194, certiorari denied 336 U.S. 952, 69 S.Ct. 882, 93 L.Ed. 1107; Bartlett v. United States, 10 Cir., 166 F.2d 920, 927; Berenbeim v. United States, 10 Cir., 164 F.2d 679; Waters v. Kings County Trust Co., 2 Cir., 144 F.2d 680, certiorari denied 323 U.S. 769, 65 S.Ct. 121, 89 L.Ed. 615; Goldstein v. United States, 9 Cir., 73 F.2d 804.

2. Browder v. United States, 312 U.S. 335, 341, 61 S.Ct. 599, 85 L.Ed. 862; United States v. Illinois Central R. R. Co., 303 U.S. 239, 243, 58 S.Ct. 533, 82 L.Ed. 773; United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 78 L.Ed. 381; United States v. Klass, 3 Cir., 166 F.2d 373, 377; Fields v. United States, D.C.Cir., 164 F.2d 97, 100; Kempe v. United States, 8 Cir., 151 F.2d 680, 688; Zimberg v. United States, 1 Cir., 142 F.2d 132, 137; Darby v. United States, 5 Cir., 132 F.2d 928, 950; Townsend v. United States, 68 App.D.C. 223, 95 F.2d 352, 361; American Surety Co. of New York v. Sullivan, 2 Cir., 7 F.2d 605.

3. The Court instructed the jury: "Now the first question that arises in this case, what was the regular rate of pay of these roustabouts who are involved in the several counts of the indictment. And in that connection, gentlemen of the jury, you are advised as a matter of law since there is no dispute under the evidence about the fact that these employees were all paid at the rate of one dollar per hour that their regular rate of pay as that term is used in the Fair Labor Standards Act was one dollar per hour and under the law the defendants were required to pay those employees at the rate of one and one-half times the regular hourly rate of pay for each hour that those employees worked in excess of forty-eight hours—forty hours, during any work week. And of course the evidence here is undisputed that these employees did work in excess of forty hours and that they were paid the same rate of one dollar per hour for the overtime worked, that they were paid for the first forty hours of the work week. And a compliance with the act would have necessitated payment of a dollar and a half an hour for the hours that these men worked in excess of forty hours during each work week."

4. Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 425, 65 S.Ct. 1242, 89 L.Ed. 1705; Walling v. Helmerick & Payne, 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29; Horning v. Dist. of Columbia, 254 U.S. 135, 138, 41 S.Ct. 53, 65 L.Ed. 185; Walling v. Green Head Bit & Supply Co., 10 Cir., 138 F.2d 453; Seneca Coal & Coke Co. v. Lofton, 10 Cir., 136 F.2d 359.

Finally it is contended that counsel for the government made inflammatory and prejudicial remarks to the jury in closing argument. A portion of the argument objected to made reference to an indictment being returned by a Grand Jury. The statements complained of were not of an inflammatory nature and could not have been prejudicial, particularly in view of the fact that counsel making the statements stated to the jury that the indictment is not "any proof whatsoever of this defendant's guilt", and the court admonished the jury that the indictment was a mere accusation and did not in any sense constitute evidence in the case nor suggest in any manner that the defendants were guilty.

Judgments are affirmed.