Sam Aiken CAMPBELL, alias Robert Williams, J. G. Bronson, Robert Allen, Robert Campbell, Robert A. Campbell, C. A. Furlong, Gregg Reynolds, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18342.

United States Court of Appeals Fifth Circuit.

June 21, 1961.

Rehearing Denied Aug. 24, 1961.

Second Petition for Rehearing Denied Sept. 26, 1961.

E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

A nine-count indictment was returned against the appellant-defendant, each count charging his use of the mails for the purpose of executing a scheme to defraud in violation of Title 18 United States Code, Section 1341. Having waived a jury trial,[1] the defendant was tried before the court without a jury. The court entered a judgment of acquittal on Counts 7 and 9, and a judgment of conviction on the other seven counts. On each of the first six counts the defendant was sentenced to imprisonment for five years, the sentences to run concurrently with each other. On Count 8, the defendant was sentenced to imprisonment for an additional five years, the sentence to run consecutively to the sentences on the first six counts. In support of the judgment of conviction, the district court entered its findings of fact[2] and conclusions of law.

---

1. Rule 23(a) Federal Rules of Criminal Procedure, 18 U.S.C.

2. "Findings of Fact.

"1. The defendant stipulated to the authorship of and the placing in the newspaper, advertisements, as alleged in Counts 1 through 6 of the indictment herein; and has also stipulated to the mailing of said newspaper;

"2. The allegations contained in Count 8 of the indictment are as alleged; that that certain letter referred to therein was in fact mailed to one Robert Burley,

Miami, Florida, by the defendant herein;

"3. The testimony of the witnesses and the testimony and admissions of the defendant bear out the allegations contained in the first count of the indictment that the defendant used the aliases named therein;

"4. The defendant did in fact defraud William Copland, John L. Hendry, Jr., Robert Burley and A. M. Fargo, as well as various other persons, including Milton R. Jewell and Vernon Brown;

"5. The representations and promises contained in Count 1 of the indictment

The defendant, through his counsel, filed his notice of appeal on March 31, 1960. Various extensions of time for the filing of the record were granted. On October 12, 1960, on the motion of the appellant, he was granted permission to present his appeal on a certified type-written transcript of the record and on typed briefs, and the time for filing the record was further extended to October 29, 1960. At long last on April 27, 1961, more than a year after the filing of the notice of appeal, this Court took submission of the case on briefs, two typed briefs for the appellant being filed pro se.

■ On the next day, April 28, 1961, there was filed by the appellant pro se a "Motion asking leave of the court to proceed in forma pauperis, respectfully requesting the court to appoint counsel for appellant and to continue the scheduled hearing of April 27, 1961 to a later date to allow counsel time to properly prepare appeal." Upon consideration, after studying the record and briefs, and in view of the lack of any reasonable excuse for the extremely late filing of that motion, the same is denied.

■■ The burden of the appellant's contention is that there was no substantial evidence to prove that his intent was fraudulent, and thus to support his conviction. It is not this Court's function to re-try the appellant, or to substitute our judgment as to his guilt or innocence for that of the judge who saw and heard the witnesses, but simply to find, whether or not, taking the view most

favorable to the Government, there is substantial evidence to support the judgment of guilt. Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. A reading of the record in the light of the briefs discloses such substantial evidence. The judgment is therefore

Affirmed.

were in fact made by the defendant and were false and misleading, and were part of a scheme by the defendant to defraud the persons named in paragraph 4 hereof; and the defendant also intended to use said representations and promises as part of a scheme to defraud numerous persons to the Court unknown;

"6. The defendant was sentenced to three-years' imprisonment by the Criminal Court of Record in Miami, Florida, in 1956, for defrauding certain persons by using the identical scheme alleged in the indictment herein, except that the meat tenderizer was at that time referred to as 'King's Meat Tenderizer';

"7. The defendant did not have an active business in Jacksonville, Florida and never intended to ship any equipment from his reputed business in Jacksonville, Florida;

"The defendant at no time ever completed a transaction, and would disappear after receiving a deposit on the reputed business, and did not in good faith ever intend to disclose to his various victims the true status of his 'meat tenderizer' business;

"8. The defendant used numerous aliases for the purpose of concealing his true identity and his illegal activities."