**UNITED STATES of America,**
**Appellee,**

v.

**Elam Remanuel TEMPLE, Appellant.**

**No. 9645.**

United States Court of Appeals
Fourth Circuit.

Argued March 1, 1965.

Decided July 2, 1965.

John W. Hinsdale, Raleigh, N. C., for appellant.

Alton T. Cummings, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), for appellee.

Before SOBELOFF and BOREMAN, Circuit Judges, and BUTZNER, District Judge.

SOBELOFF, Circuit Judge:

At a pretrial conference on a case in which Elam Remanuel Temple appeared as counsel for a plaintiff he was ordered to file a brief before August 1, 1963. When that deadline passed without his filing the required brief, opposing counsel moved to dismiss for failure to prosecute. Temple then made reply in writing, asserting that his failure to file was due to illness and he submitted his brief on August 7.

The cause came on for hearing on August 12, 1963, the date originally set, at which time Temple repeated, this time in open court, that his failure to file a timely brief was occasioned by his illness. The Judge accepted this statement as true, permitted the brief to be filed, and proceeded with the hearing in normal course. During the following year, however, government agents investigating a collateral matter came across evidence indicating that Temple had not been ill as claimed during the period in question. As a result of this discovery an order was served on Temple in August, 1964, to show cause why he should not be cited for contempt. This was well within the applicable five-year period allowed by the statute of limitations. 18 U.S.C.A. § 3282. The same Judge to whom Temple had offered his excuse for the late filing of the brief held a hearing on the contempt charge. He found Temple guilty of criminal contempt and sentenced him to six months in jail.

The defendant made a demand for particulars, seeking disclosure of the evidence to be presented by the Government in the contempt proceeding. The demand was denied by the presiding Judge. Since all of the documentary evidence used by the Government was voluntarily disclosed to the defendant's counsel before trial, it is unnecessary to decide whether the failure to allow the bill of particulars constituted error. It certainly was not prejudicial.

■■ The power of a federal court to punish for contempt is limited by statute. Contempt includes "misbehavior by any person" in the court's presence. 18 U.S.C.A. § 401(1). Lying to a judge is certainly misbehavior in the court's presence and therefore punishable under section 401.[1]

■■ The defendant having failed to take the stand, the Judge, at the close of the testimony, commented as follows:

"Now, he knows whether he was ill or not. Above every other person on earth, he knows; and though he is not compelled to testify, he remains silent and gives no explanation of what his condition was. I am sure in my own mind that if I were charged with giving a false impression to a court that the first witness that I would insist on having the privilege of testifying to when my case was called would be myself so that I might be able to testify as to exactly what the facts were.

"I realize he is not compelled to testify. Neither can he be directed to go to the witness stand to testify,

---

1. Possibly the facts alleged also constitute a violation of 18 U.S.C.A. § 401(2) which includes in the definition of contempt, "[m]isbehavior of any of its [the court's] officers in their official transactions." But as this subsection was not referred to below, we do not pass on its applicability.

but surely in a contemptuous proceeding if it would be upon him he should tell and not only tell but gladly tell and truthfully tell what his position was. He can."

The Judge was certainly correct in stating that the defendant in a criminal contempt proceeding cannot be compelled to testify against himself. See Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 444, 31 S.Ct. 492, 55 L.Ed. 797 (1911); Cliett v. Hammonds, 305 F.2d 565, 570 (5th Cir. 1962). While recognizing the defendant's right to remain silent, the Judge evidently thought he was justified in treating this silence as an indication of guilt. Such a practice has since been ruled invalid by the Supreme Court. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (April 28, 1965). There it was held that a trial judge may not charge the jury that they are free to consider the defendant's silence and draw an unfavorable inference therefrom. If a judge is not permitted so to charge a jury he may not, when acting as the trier of facts, draw unfavorable inferences from the defendant's silence, for he thereby "cuts down on the privilege by making its assertion costly." Supra, 380 U.S. at p. 614, 85 S.Ct. at p. 1233. We therefore must reverse the decision and order a new trial.

■ As an additional ground for reversal Temple contends that it was impermissible for the Judge to preside at the contempt hearing because evidence was introduced indicating that Temple had made an insulting and derogatory remark about the Judge in a private conversation outside the court. This remark was not the basis of the contempt charge, and the Judge had no knowledge of it in advance of the hearing and therefore no opportunity to step aside, as he doubtless would have done in keeping with the spirit of Rule 42(b), Fed.R.Crim.P.

Since the testimony about the disrespectful characterization of the Judge has been brought out, we think it best that the case be retried before another judge. There is no occasion here to consider the remaining contention that the six-month sentence is in any event inordinately severe for the offense. Nevertheless, we think it not amiss to call attention to the Supreme Court's admonition in Green v. United States, 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958):

"We take this occasion to reiterate our view that in the areas where Congress has not seen fit to impose limitations on the sentencing power for contempts the district courts have a special duty to exercise such an extraordinary power with the utmost sense of responsibility and circumspection. The 'discretion' to punish vested in the District Courts by § 401 is not an unbridled discretion. Appellate courts have here a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed. This Court has in past cases taken pains to emphasize its concern with the use to which the sentencing power has occasionally been put, both by remanding for reconsideration of contempt sentences in light of factors it deemed important see Yates v. United States, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95; Nilva v. United States, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed.2d 415, and by itself modifying such sentences. See United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884. The answer to those who see in the contempt power a potential instrument of oppression lies in assurance of its careful use and supervision * * *."

Reversed and remanded.