No. 928. TEMPLE *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied. *John W. Hinsdale* for petitioner. *Solicitor General Marshall, Assistant Attorney General Vinson* and *Beatrice Rosenberg* for the United States.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

Under 18 U. S. C. § 401 (1) a court may punish as contempt "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." We held in *In re Michael,* 326 U. S. 224, that this contempt power, limited as Congress intended it to be, could not be used to punish a person merely for committing perjury in the court's presence without the additional showing that an actual obstruction of justice was caused thereby. Accord, *Ex parte Hudgings,* 249 U. S. 378; see *In re McConnell,* 370 U. S. 230, 234, 236; cf. *Cammer* v. *United States,* 350 U. S. 399; *Brown* v. *United States,* 356 U. S. 148, 153.

Petitioner, an attorney, represented a plaintiff in a lawsuit against the Government in federal district court. When he failed to file a brief within the time specified by the court's pretrial order, the Government moved to dismiss his client's complaint for want of prosecution. The District Judge refused to do so upon petitioner's representation in his belated brief and in open court that the delay was due to illness on his part. The court went on to hear the case on its merits and, after a trial which lasted only an hour, rendered judgment for the Government. A year later, petitioner was charged with contempt of court under § 401 (1) for having misrepresented

to the judge that he was ill. Tried summarily by that same judge without a jury, petitioner was convicted and sentenced to six months' imprisonment. Though the Court of Appeals reversed and remanded for a new trial on grounds not here material, it flatly held, with little discussion and no citation to authority, that "[l]ying to a judge is certainly misbehavior in the court's presence and therefore punishable under section 401." 349 F. 2d 116, 117. Petitioner was retried summarily before a different judge and again convicted of contempt of court, apparently on the basis of the Court of Appeals' prior holding that "lying to a judge" in and of itself constitutes contempt.

Since there is nothing in this record to suggest that either the Government attempted to prove or the trial judge found that petitioner's misrepresentation actually obstructed the administration of justice, his conviction on its face runs counter to In re Michael. There is not a vestige of evidence to support it. Cf. Thompson v. Louisville, 362 U. S. 199. Nevertheless, the Court of Appeals refused to reverse this illegal conviction and dismissed petitioner's appeal on the ground that, while he gave an oral notice of appeal and filed an appeal bond at the end of his trial, he did not file a written notice of appeal within the 10-day period specified by Fed. Rule Crim. Proc. 37 (a)(2). Although only four days after that period expired petitioner moved the trial court to accept a written notice of appeal, and although the trial court then found that petitioner's delay was the result of "excusable neglect," the Court of Appeals refused to hold the oral notice adequate. The court noted that the result might be different had this case arisen under the 1966 amendment to Rule 37 (a)(2) which now provides that "[u]pon a showing of excusable neglect, the district court may, before or after the time has expired, . . . extend the time for filing the notice of appeal otherwise allowed to

any party for a period not to exceed 30 days . . . ." 383 U. S. 1110–1111. The court also refrained from deciding "that an oral notice of appeal transcribed into the record would never be sufficient to invoke jurisdiction in the court of appeals." Yet the court allowed a plainly invalid conviction to stand. Because I believe that the Court of Appeals, in the words of *Fallen* v. *United States,* 378 U. S. 139, 142, "[o]verlooked . . . the fact that the Rules are not, and were not intended-to be, a rigid code to have an inflexible meaning irrespective of the circumstances" and because I find it "apparent when the circumstances of this case are examined" that "the Rules were not approached with sympathy for their purpose," I would grant certiorari in this case to correct a clear miscarriage of justice. Cf. *Berman* v. *United States,* 378 U. S. 530 (dissenting opinion).