On Motion to dismiss appeal. Appeal dismissed January 22, 1929.

BENTON COUNTY STATE BANK *v.* WEST COAST SPRUCE CO. AND ALVINA E. HIGGS.

(272 Pac. 171.)

For the motion *Mr. Arthur Clarke.*

*Contra, Mr. Maurice W. Seitz* and *Mr. C. D. Christensen.*

COSHOW, C. J.—1-3. The order transferring the case from Lincoln County to Benton County effected a complete change of venue of said case. Thereafter the case was to be tried as though it had been commenced in Benton County.

"Upon the filing of the transcript and papers with the clerk of the court to which the cause is transferred, the change of venue shall be deemed complete, and thereafter the action shall proceed as though it had been commenced in that court." Or. L., § 50.

The text-books state the law substantially as said Section 50, Or. L.; 40 Cyc. 174-177.

"A change of venue operates to divest the court making the order of any further jurisdiction in the case, but does not affect proceedings previously taken, or prevent the court making the order from amending or correcting its record in regard to proceedings prior to the change." 40 Cyc. 176.

"The effect of a change of venue is to remove the cause absolutely from the jurisdiction of the court awarding the change. Thereafter, such court can issue no further orders, any steps taken by it in the case are of no effect." 27 R. C. L. 825, 826, § 4.

The rule seems to be universal that the change of venue deprives the court in which the cause was originally begun of all further jurisdiction. The portion of the decree directing a certified copy of the decree to be filed in Lincoln County does not change the law. That portion of the decree reads as follows:

"It is further ordered, adjudged and decreed that a copy of this decree, certified by the Clerk of the above entitled court, be filed for record in the office of the County Clerk of Lincoln County, Oregon, in the journal of the Circuit Court of the State of Oregon for Lincoln County, as and for the decree of that court."

Appellants claim that the language underscored in the excerpt from the said decree, above, constitutes a decree of the Circuit Court for Lincoln County. It was not within the power of the court to change the effect of said Section 50, Or. L. It was not the intention of the learned Circuit Court to effect any change in that statute. The personal property being situate in Lincoln County is the reason for the portion of the decree set out above reading as it does.

The attempted appeal, therefore, does not confer jurisdiction on this court. The appeal must be dismissed. It is so ordered. APPEAL DISMISSED.