**NATIONAL LABOR RELATIONS BOARD v. BELL OIL & GAS CO. et al. \***

No. 8438.

Circuit Court of Appeals, Fifth Circuit.

July 29, 1938.

Charles Fahy, Gen. Counsel, National Labor Relations Board, Robert B. Watts, Associate Gen. Counsel, National Labor

*Rehearing denied 99 F.2d 56.

Relations Board, and Malcolm F. Halliday, National Labor Relations Board, all of Washington, D. C., and Gerhard Van Arkel, of New Orleans, La., for petitioner.

C. J. Brannan and O. R. Tipps, both of Wichita Falls, Tex., for respondents.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Upon petition of the National Labor Relations Board, the respondents were ordered to show cause, if any existed, why they should not be adjudged in contempt of this court on account of non-compliance with its decrees entered July 21, 1937, and October 18, 1937, in the above styled and numbered proceeding. The answer of respondents alleges compliance with the decrees to the best of their ability, but insists that, in the respect complained of, the decree is ambiguous and self-contradictory in its commands.

The alleged failure to comply relates to a provision in the decree of October 18, 1937, which orders respondents to "offer to George E. Bebermeyer immediate reinstatement without prejudice to his seniority or other rights and privileges, and without discrimination against Bebermeyer or the two union members now employed in the operation of the repressure plant, because of union membership or activities."

Admitting non-compliance with this part of the decree, the answer alleges that it requires the respondents to do that which necessitates an act forbidden in the provision itself, namely, to reinstate Bebermeyer without prejudice to his seniority rights, and without discrimination against him or the two union members now employed in the operation of the repressure plant, because of union membership or activities.

When applied to the facts as they now appear, we think the order is impossible of performance consistently with the holding of the court in this case, that if it requires re-employment of Bebermeyer and retention of the two other employees, when only two are needed, the order is without authority of law. National Labor Relations Board v. Bell Oil & Gas Company, 5 Cir., 91 F.2d 509. The order should be construed consistently with this ruling. Therefore, there was no intention to require the employment of three men in the operation of the repressure plant,

since the proof shows that only two are needed.

Of course, the order does not contemplate an idle offer of re-employment, but has in mind a bona fide offer which may be accepted, and which would necessitate the dismissal of one of the other two union men. If Bebermeyer should be put back on the respondent's roll of employees, there would arise at once the necessity of choosing between him and one of the other two men now at work in the repressure plant. This choice would have to be made without discrimination because of union membership, as they are all three union members; and, so far as we know, all three are active members. If there were a rule of seniority which entitled one to preference over the other, that would settle the matter; but no proof is offered to the effect that Bebermeyer has any seniority rights or other privileges over the other two.

It may be argued that to displace one of the union employees by Bebermeyer would not be discriminating against him on account of union membership or activities; but if this be true, it was wholly unnecessary to put a restriction in the order as to discrimination against them on that account. In the absence of seniority rights, the only meaning that can be ascribed to this provision is that neither of these two union men was to be displaced or prejudicially affected by Bebermeyer's reinstatement. To order one man to be re-employed in place of another without prejudicially affecting either on account of union membership or activities is assigning an impossible task under the facts of this case, where the whole controversy grew out of a union strike; where the Board has found that one was discriminated against on account of union membership or activities, and has ordered him reinstated; where all three are union men; where there is no proof as to the seniority rights of any of them; and where, it appearing that only two are needed, an injunction to employ three would be without authority of law.

Mandatory injunctions should be clear, direct, and unequivocal. They should not be hedged about by conditions and qualifications which cannot be performed or which may be confusing to one of ordinary intelligence. If placed in a dilemma by an ambiguous order, one who

*Rehearing denied 98 F.2d 870.

acts in good faith and with due respect to the court is not guilty of contempt.

Phrased as it now is, we do not find in the record any proof that the order has been violated by giving the active employment to the two men who now have it. The rule to show cause is discharged.