## UNITED STATES v. DE PARCQ et al.
### No. 9243.

Circuit Court of Appeals, Seventh Circuit.

Nov. 12, 1947.

A. Bradley Eben, of Chicago, Ill., for appellant.

Otto Kerner, Jr., U.S. Atty., and Nathan M. Cohen, Asst. U. S. Dist. Atty., both of Chicago, Ill., for appellee.

Before SPARKS and MINTON, Circuit Judges, and BRIGGLE, District Judge.

MINTON, Circuit Judge.

The defendants were convicted of criminal contempt and fined. From this judgment they have appealed.

The alleged contempt grew out of the following facts and circumstances. Clar-

ence A. Roland, a resident of New Mexico and an employee of the Atchison, Topeka and Santa Fe Railway Company, hereinafter referred to as the railway company, had been injured when struck by the railway company's train in New Mexico. On July 6, 1945, Roland, in consideration of an advance payment of $200 to him by the railway company, agreed with it in writing that he would endeavor to settle his claim for the personal injuries he had received, and, failing such settlement, he agreed not to sue the railway company therefor "in any courts except those sitting within the State where my injuries were sustained or within the State where I resided at the time my injuries were sustained * * *."

The defendant DeParcq was Roland's attorney, and the defendant Martineau was associated with DeParcq in the case. On November 29, 1945, Roland, by his attorney, DeParcq, filed an action in the United States District Court for the Northern District of Illinois to recover for his injuries, alleging violation of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. An action under this statute may be brought in the United States District Court in the district of the defendant's residence, the district in which the cause of action arose, or the district in which the defendant is doing business at the time the action is commenced. The state courts are given concurrent jurisdiction, with no right of removal to the Federal courts. 45 U.S.C.A. § 56.

The railway company moved to dismiss the complaint "for the reason that plaintiff has chosen an improper venue for said proceeding" and alleged the making and set forth the terms of its contract with Roland. On April 17, 1946, the District Court in a memorandum opinion held that the contract was valid and stated: "The motion to dismiss will be sustained, and the complaint dismissed, without prejudice, *and with the privilege of bringing the action in any court in New Mexico, in which plaintiff elects to proceed.*" (Italics ours.)

On April 22, 1946, DeParcq on behalf of Roland filed a complaint in the Superior Court of Cook County, Illinois, on the same cause of action. On April 23, 1946, the District Court entered an order dismissing the plaintiff's complaint against the railway company, and incorporated in its order following the dismissal without prejudice the words of its memorandum opinion above italicized. On May 7, 1946, Roland, through his attorney, DeParcq, gave notice of appeal to this Court from the District Court's order of April 23, 1946, dismissing his complaint. The next day the District Court learned of the action that had been filed in the State court and orally ordered Martineau to dismiss it. Martineau responded to the court that this was in effect a writ of injunction, and the District Court replied: "Certainly. That is what I mean to have it be; that is just what I mean to have it be." On a later occasion, the court stated in effect that he intended that Roland should not bring the action in any court except one in which the District Court told him he could bring it. Martineau agreed to have the complaint dismissed. It was not dismissed until September 18, 1946, the day following the settlement of the case with the railway company. The appeal in this Court was dismissed on September 18 also.

The contempt proceedings were instituted June 27, 1946. It will be observed that at the time the action was filed in the Superior Court on April 22, 1946, the District Court had on April 17 handed down its memorandum opinion; but the order implementing the opinion was not entered until April 23. It will be further observed that no counteraction to enjoin Roland from filing his action in any jurisdiction other than that of New Mexico was sought, even if such injunction could be maintained, and on which we express no opinion.[1] The equity powers of the court were not invoked. Nor was a declaratory judgment as to the validity of the contract sought. There was but one thing before the District Court—the railway company's motion to dismiss, supported by a copy of the contract which in effect said to the court that, "The plaintiff Roland has contracted away the right to bring this action against us in the District Court." The District Court agreed with the railway company, holding that the con-

---

[1] Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967.

tract was valid and that the plaintiff Roland had contracted away his right to bring the case in the District Court, and it dismissed the complaint.

In the absence of the contract, Roland's right to bring the action in the District Court was unquestioned. The contract was before the District Court on the pleadings, in this respect only: in order to determine the District Court's venue in that action. The contract was not before the court as to its validity to limit the venue of any other court. The determination of the former question in favor of the railway company could lead to but one judgment, namely, that of dismissal without prejudice.

The court did dismiss the complaint. The validity of its action in that regard is not before us. For the purpose of this case only, we accept the court's action in dismissing the complaint.

■ It is the effect in the order of dismissal of these words "and with the privilege of bringing the action in any court in New Mexico in which plaintiff elects to proceed" that presents the question in this case. These words are either surplusage or an exercise of unauthorized power. In either event there could be no contempt. The words might very well be considered surplusage and of no effect. Roland had a valid right to bring the action in New Mexico, contract or no contract, and he was not beholden to the District Court for the privilege to do so. The order does not state that Roland may not sue in Illinois or any other jurisdiction. There is nothing restrictive or prohibitive about it. The ambiguous, equivocal character of this order makes it impossible for it to form the basis of a proceeding for contempt. National Labor Relations Board v. Bell Oil & Gas Co. et al., 5 Cir., 98 F.2d 405; McFarland v. United States, 7 Cir., 295 F. 648, 650.

■ Moreover, it has not the force and effect of an injunction for these two reasons. First, there is no foundation for it in the pleadings. O'Malley et al. v. Chrysler Corporation, 7 Cir., 160 F.2d 35, 36. Secondly, it purports to give to the plaintiff as a privilege that which he had as a matter of right.

■ However, if we assume the court's construction of its memorandum opinion and order as an injunction, and the court's intention that it should be an injunction against the plaintiff from filing action in any court but in New Mexico, the court's action was an unauthorized exercise of judicial power.

On the motion to dismiss, the validity of the contract was submitted to the court to defeat the right of the plaintiff to bring the action in the District Court for the Northern District of Illinois. That was the sole question before the court, namely, had the contract taken away the venue of the District Court. The court decided that the contract was valid and that it took from the plaintiff the right to sue the railway company in the District Court, and dismissed the action. Having decided the only question submitted to it on the pleadings, and that against its right to proceed in the case, the court went ahead and attempted to issue what it construes to be an injunction against the plaintiff from filing an action in any court but the courts of New Mexico.

■■ When the District Court decided that it had no venue and dismissed the complaint, that exhausted its judicial power. Any attempt to exercise judicial power thereafter was a usurpation. A court may have jurisdiction but no venue, but since venue is a privilege that may be waived when not asserted, the jurisdiction is not ousted; but when the court's venue is challenged and the challenge sustained, and dismissal of the complaint follows, as in the instant case, jurisdiction is thereby terminated. Industrial Addition Association v. Commissioner of Internal Revenue, 323 U. S. 310, 315, 65 S.Ct. 289, 89 L.Ed. 260. The situation is like unto that where a proper motion for a change of venue has been made and sustained, and thereafter the court has sought to take a further step in the case. In such cases, its action has invariably been held void. Florence Davies v. Alfred Davies, 247 Ill.App. 313; Chase v. Superior Court of City and County of San Francisco et al., 154 Cal. 789, 99 P. 355; Benton County State Bank v. West Coast Spruce Co. et al., 128 Or. 405, 272 P. 171.

In the instant case, the court's order was not merely voidable to be corrected on appeal, but it was void, for the court had itself decided, on the motion of one whose privilege it was to raise the question of venue, that it had no venue, and having no venue, it dismissed the complaint; and at that point, the court's jurisdiction was wholly arrested. Since the order was utterly void, the defendants were not in contempt for their failure to obey it.·

The judgment is reversed and the cause remanded to the District Court with directions to dismiss the contempt proceedings.