**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Clay M. BISHOP and Robert E. White, Co-Partners, d.b.a. New Hyden Coal Company, Respondent.**

No. 12435.

United States Court of Appeals Sixth Circuit.

Dec. 8, 1955.

Margaret M. Farmer, Washington, D. C., for petitioner. David P. Findling, Marcel Mallet-Prevost, Arnold Ordman, Washington, D. C., on the brief.

Logan E. Patterson, Pineville, Ky., for respondent. James S. Wilson, Pineville, Ky., on the brief.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

Upon the petition of the National Labor Relations Board for enforcement of its order against the respondent partner-

ship, we have considered the entire record in the case and the briefs and oral arguments of the attorneys. The conclusion has been reached that the Labor Board's order should be enforced, but with important modifications hereinafter to be directed.

■ At this late date, after so many long narratives of evidence in this category of cases have been written and published, it would seem unnecessary, except in a rare case, to enter· upon an elaborate review and discussion of the facts, where it is found—as we find here —that there is substantial evidence in the record, considered as a whole, to support the findings of the National Labor Relations Board. The findings of fact of the Labor Board, if supported by substantial evidence on the record considered as a whole, are conclusive and binding upon the United States Courts of Appeals. Section 160(e), 29 U.S.C.A. See National Labor Relations Board v. Ford, 170 F.2d 735, 738, 739, where it was pointed out by this court that "inferences are for the Board, not for the Court, to make, and, if supported by the evidence, are not to be set aside even if a contrary inference is possible, or would have been drawn by the Court." See also National Labor Relations Board v. Wiltse, 6 Cir., 188 F.2d 917, 925; National Labor Relations Board v. Link-Belt Company, 311 U.S. 584, 596, 597, 61 S.Ct. 358, 85 L.Ed. 368; National Labor Relations Board v. Nevada Consolidated Copper Corporation, 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305.

■ The opinion in National Labor Relations Board v. Oertel Brewing Company, 6 Cir., 197 F.2d 59, 61, 62, restated the criterion that the credibility of the witnesses and the weight of the evidence is for the Labor Board. Judge McAllister there said: "Of course, the evidence upon which the Board places its decision must be substantial evidence, · that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Our review of the record discloses that the findings of the Board, that the discharges were in violation of the Act, were amply sustained by substantial evidence in the record, considered as a whole."

■ The National Labor Relations Board found upon substantial evidence here that the respondent partnership had violated section 8(a) (3) and section 8 (a) (1) of the Act in discharging certain employees because of their actual or suspected union membership or activity, in interrogating their employees concerning their membership and activity in the union, and in polling the employees as to their intention to work during a proposed strike. The decision and order of. the Labor Board are reported at 108 N.L.R.B., No. 163. The rulings of the trial examiner were affirmed and his findings, conclusions and recommendations were adopted, except in the following respects: (1) the Board disagreed with the trial examiner's finding that respondent had refused discriminatorily to reinstate one of its employees, William W. Taylor, in violation of the Act; (2) the Board disagreed with the trial examiner as to back pay properly allowable to employees Joe Baker, Carlos Stollings, and George Huff, and granted these three men back pay only from the dates of the discrimination against them to the date of their misconduct in illegal picketing on February 21, 1952; and (3) the Board disagreed with the trial examiner in the allowance of back pay to an employee, Orville Huff, from the date of his discriminatory discharge to the date of the so-called proper offer of reinstatement.

■ In most aspects, the instant case is coincidental with National Labor Relations Board v. Lewis Coal Company, 6 Cir., 226 F.2d 581, heard by this court at its October, 1955, session on the same date the instant litigation was presented. In that case, our court directed enforcement in entirety of the Labor Board's order reported in 108 N.L.R.B., No. 125. We find that here, as in that case, the attorneys who filed the charges in behalf of the individual complainants were

not "fronting" for the non-complying United Mine Workers of America, or any of its locals, or assisting these unions in organizing drives among respondent's employees; but they were assisting their employee clients in protecting their rights guaranteed in sections 7, 29 U.S. C.A. § 157, and 8 of the National Labor Relations Act. In National Labor Relations Board v. Alside, Inc., 6 Cir., 192 F.2d 678, 679, Judge Hicks pointed out that where the president of a local union was acting as a "front" or agency for a union in filing charges against the employer, the National Labor Relations Act, as amended by the Labor Management Relations Act of 1947, 29 U.S.C.A. §§ 152(5), 159(h), did not give the Labor Board jurisdiction to enter a complaint or to issue a cease and desist order where non-Communist affidavits had not been filed in compliance with law. The Alside case is utterly different on its facts from the instant controversy. Upon the "fronting" issue, we consider ourselves bound by the inferences of the Board, inasmuch as, considering the record as a whole, there is substantial evidence to support the Board's findings and conclusions upon that issue.

■ It is provided in section 10(b) of the Act that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made, * * *." Section 160(b), Title 29, U.S.C.A. The record discloses that Joe Baker, Carlos Stollings, and George Huff filed their charges within six months of the occurrence of events which the Labor Board found to have been unfair labor practices affecting them. Their original complaint was filed on February 19, 1952, and charged that respondents discharged and discriminated against them on specified dates in September and December of 1951. Orville Huff did not join in this complaint. He filed his first complaint through his attorney, Francis M. Burke, on November 12, 1952, in a paper entitled "Fourth Additional Charge against Employer," wherein it was asserted that he had been discharged and discriminated against on or about December 27 and December 31, 1951, because of his membership in the United Mine Workers of America and his attendance at the meetings of that organization.

On November 20, 1952, Orville Huff joined with George Huff, Joe Baker, Carlos Stollings, and three others in a document termed "First Amended Charges" against his employers, specifying unlawful acts upon the part of his employers on December 27, 1951, and February 20, 1952, both of which specified dates were more than six months before the filing of this document.

In National Labor Relations Board v. Gaynor News Co., 2 Cir., 197 F.2d 719, 721, 722, Judge Jerome Frank said that section 10(b) of the Act has been uniformly interpreted to authorize inclusion within the complaint of amended charges, filed after the six months' limitation period, which "relate back" or "define more precisely" the charges enumerated within the original and timely charge and that: "The 'relating back' doctrine for this purpose has been liberally construed to give the Board wide leeway for prosecuting offenses unearthed by its investigatory machinery, set in motion by the original charge. [Citing cases.] Thus a general allegation in the original complaint that the employer had interfered with employees in the exercise of their § 7, 29 U.S.C.A., section 157, rights by restraining and coercing them, discriminating in regard to hire and tenure and refusing to bargain in good faith, was subsequently— more than six months after the date of the alleged violation—amended to allege discharges of particular employees for legitimate union and strike activities. Kansas Milling Co. v. N. L. R. B., 10 Cir., 185 F.2d 413, 416. We feel that the enlarged complaint can be justified here on the 'relating back' theory in so far as the additional victims of the dis-

criminatory treatment are concerned. Here the violation and the facts constituting it remained the same as in the original charge; *only the number of those discriminated against was altered. This addition certainly could not prejudice the employer's preparation of his case, or mislead him as to what exactly he was being charged with.* [Citing cases.]" The Italics have been supplied. The case was affirmed, Radio Officers' Union of Commercial Telegraphers Union v. National Labor Relations Board, 347 U.S. 17, 57–60, 74 S.Ct. 323, 98 L.Ed. 455. Compare National Labor Relations Board v. Kobritz, 1 Cir., 193 F.2d 8, 15–16; Cusano v. National Labor Relations Board, 3 Cir., 190 F.2d 898, 903, 904; National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 368–369, 60 S.Ct. 569, 84 L.Ed. 799.

■ The order of the Board directing that Joe Baker, Carlos Stollings, George Huff and Orville Huff must be made whole by respondents for any loss of pay suffered by them by reason of discrimination against them by respondent must be clarified to make it plain that these four men must credit respondent with any earnings which they may have made or could have made in some other employment as an off-set to their loss of pay resultant from respondent's discrimination against them.

The court will also permit respondent to adduce additional evidence upon the issue of whether or not it made a formal tender of employment to Orville Huff of such character as to toll back-paying liability upon its part.

With modification of its order as directed herein, the petition of the National Labor Relations Board for enforcement of its order is granted; and the cause is remanded to the Board for determination of the appropriate amounts of back pay due Joe Baker, Carlos Stollings, George Huff and Orville Huff.