**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DEENA ARTWARE, Incorporated, Respondent.**

**No. 11156.**

United States Court of Appeals Sixth Circuit.

Dec. 16, 1955.

See also 6 Cir., 207 F.2d 798.

Geo. J. Bott, Former General Counsel, Marcel Mallet-Prevost, Washington, D. C., for petitioner.

James G. Wheeler, Paducah, Ky., for respondent.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This Court having on July 30, 1952, handed down its decision enforcing an order of the National Labor Relations Board, which directed, among other things, that the respondent, Deena Art-ware, Incorporated, Paducah, Kentucky, its officers, agents, successors and assigns make whole certain named employees for loss of pay suffered by reason of unlawful discrimination against them; and the Board having then held a further hearing and having issued its Supplemental Decision and Order; and the Board having thereafter moved this Court for the entry of a supplemental decree specifying the amounts of back pay due said employees.

And the Court being of the opinion that jurisdiction to grant said motion and to enter this supplemental decree is conferred by Section 160(e), Title 29 U.S.C.A.; Phelps Dodge Corp. v. N.L.R.B., 313 U.S. 177, 197–200, 61 S. Ct. 845, 85 L.Ed. 1271; N.L.R.B. v. Cambria Clay Products Co., 6 Cir., 215 F.2d 48, 56; Marlin-Rockwell Corp. v. N.L.R.B., 133 F.2d 258, at page 260. Home Beneficial Life Ins. Co. v. N.L.R. B., 4 Cir., 172 F.2d 62.

And that the findings of the Board are supported by substantial evidence on the record considered as a whole, and that the formula used by the Board in computing the amount of back pay was within the discretionary power of the Board, was not arbitrary, and bears an appropriate relation to the policies of the Act; N.L.R.B. v. Seven-Up Bottling Co., 344 U.S. 344, 73 S.Ct. 287, 97 L.Ed. 377; Phelps Dodge Corp. v. N. L.R.B., supra; Marlin-Rockwell Corp. v. N.L.R.B., supra, 133 F.2d at page 260.

It is hereby ordered, adjudged and decreed that the respondent, Deena Art-ware, Incorporated, Paducah, Kentucky, its officers, agents, successors and assigns, shall:

(a) Pay to the employees named in the Appendix attached hereto, who were found to have been discriminated against by a Board Decision and Order issued October 25, 1949, as enforced by this Court, net back pay in the amounts set out in the Appendix.