**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DEENA ARTWARE, INCORPORATED, Respondent.**

**No. 11156.**

United States Court of Appeals Sixth Circuit.

Dec. 5, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel N. L. R. B., Washington, D. C., for petitioner.

James G. Wheeler, Paducah, Ky., for respondent.

* Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

In this unfair labor practice proceeding the Labor Board found that respondent, Deena Artware, Inc., hereinafter called Artware, had illegally discharged certain employees and ordered that they be made whole for any losses in pay suffered by respondent's refusal to reinstate them. Enforcement of this order was decreed by this Court on July 30, 1952. National Labor Relations Board v. Deena Artware, Inc., 198 F.2d 645, C.A. 6th, cert. denied, 345 U.S. 906, 73 S.Ct. 644, 97 L.Ed. 1342.

Following remand of the case to the Board for the purpose of determining the amounts due each individual employee, the Board issued its supplemental order directing Artware, its officers,

agents, successors and assigns, to pay specific amounts to designated individual employees, which totaled approximately $300,000.00. On December 16, 1955, this Court entered its supplemental decree of enforcement of that order. National Labor Relations Board v. Deena Artware, Inc., 228 F.2d 871, C.A.6th.

Artware did not make the payments or any of them, as so ordered. It contended that it was forced by economic conditions and the labor dispute involved in this litigation to discontinue operations in 1953; that it was financially unable to make the payments; that there were no assets available for that purpose; and that whatever assets were previously available for creditors had through bona fide business transactions been used in the payment, or to secure the payment, of its legal obligations.

The Board contended that Artware and several affiliated corporations were integral parts of a single enterprise, substantially owned and controlled by one Weiner; that the operations of Artware were conducted in a manner which prevented it from having any assets, and thereby prevented compliance with the back pay provisions of the decree; and that the affiliated corporations were alter egos and/or successors to Artware within the meaning of the decrees. These affiliated corporations are Deena Products Co., Inc., hereinafter called Products, an Illinois corporation, which is the parent corporation of Artware, Deena of Arlington, Inc., hereinafter called Arlington, Sippi Products Co., Inc., hereinafter called Sippi, and Industrial Realty Company, hereinafter called Industrial.

After some intermediate proceedings, which were ruled upon in National Labor Relations Board v. Deena Artware, Inc., 251 F.2d 183, C.A.6th, the Board on August 20, 1958, filed in this Court against Artware and the other four affiliated corporations a petition for adjudication in civil contempt, a motion for

* These motions were argued before a panel of the Court consisting of Judges Miller, Martin and O'Sullivan, but were not disposed of prior to Judge Martin's death on April 2, 1962. Judge Weick was appointed a member of the panel, succeeding Judge Martin, by order of the Court.

discovery and inspection of documents of Artware and the four affiliated corporations, and for an order directing that depositions be taken of present and former officers of the five affiliated corporations. On December 13, 1958, this Court sustained motions of the respondents to dismiss the Board's petition for adjudication in civil contempt, basing its ruling on the fact that all of the acts complained of by the Board occurred prior to December 16, 1955, on which date this Court entered its order directing the payment of specified amounts to named individual employees. Section 401, Title 18, United States Code; Berry v. Midtown Service Corporation, 104 F.2d 107, 110, 122 A.L. R. 1341, and cases cited therein, C.A.2nd, cert. dismissed per stipulation of counsel, 308 U.S. 629. It also denied the Board's motion for discovery and inspection and for the taking of depositions. National Labor Relations Board v. Deena Artware, Inc., 261 F.2d 503, C.A.6th. It was the thought of the Court in denying the motion for discovery and the taking of depositions that if Artware was not guilty of contempt because all of its acts were prior to the entry of the order of December 16, 1955, none of the affiliated corporations was guilty for the same reason, although it might be established by discovery and depositions that the five affiliated corporations constituted a single enterprise.

The Supreme Court granted certiorari. 359 U.S. 983, 79 S.Ct. 942, 3 L.Ed.2d 932. It thereafter ruled that the Court of Appeals was in error in denying discovery, inspection of documents and the taking of depositions and in dismissing the petition in so far as it charged the existence of a "single enterprise," holding that whether one corporation is liable for the obligations of an affiliate turns on a number of factual questions, and that the Board should have the opportunity of proving its allegations that the affiliated corporations constituted "a single enterprise" so as to permit the decree of the court enforcing the Board's order to run to any of the affiliated corporations or their stockholders. The

judgment was reversed and the petition reinstated in so far as it charged the existence of "a single enterprise." The Court directed that discovery proceedings by the Board be granted so that the Board would have the opportunity to prove those allegations. National Labor Relations Board v. Deena Artware, Inc., 361 U.S. 398, 80 S.Ct. 441, 4 L.Ed.2d 400. We construe the majority opinion as not passing on the question of civil contempt, but leaving that question for future consideration after the facts have been resolved. Two Justices concurred in reversal on the ground that the 1952 decree of this Court imposed an immediate and definite obligation upon Artware not to design and execute a plan for the very purpose of disabling itself from obeying the decree which had definitely adjudicated its obligation to pay whatever would be found to be the dollar-and-cents amount of its theretofore established liability, and if the allegations in the petition for contempt were sustained by proof, there could be no doubt that Artware and some or all of the affiliated corporations disregarded this obligation not to frustrate the 1952 decree. They also ruled that the "single enterprise" theory of the Board was an alternative ground open for consideration by this Court.

Thereafter, on July 5, 1960, on motion of the Board, this Court entered an order which vacated and set aside its order of December 13, 1958, reinstated the case on the docket and granted the Board's motion for discovery, inspection and depositions, authorizing the Board, in accordance with various procedural provisions, to proceed with the discovery and the taking of depositions as previously requested. This the Board proceeded to do.

On August 28, 1961, the Board moved that upon the record before the Court, the pleadings herein, and the deposition of George H. Weiner, individually, and as president of the corporate respondents, the Court enter a decree adjudging the respondents in civil contempt as requested in its petition, or in the alternative,

an order providing for the trial and, ultimately, the determination of the issues herein. On the oral argument of this motion, the Court was of the view, although not embodied in an order, that by reason of the complicated factual issues involved and the lack of opportunity for the respondent to introduce evidence after the Board had taken its deposition, the issues should be fully developed by the Board completing its proof, the taking of proof by the respondents herein, with rebuttal proof by the Board, if desired, before the Court ruled on the issue of civil contempt on the part of the respondents. The Court also expressed the view that by reason of the scope and magnitude of the prospective proceedings and the inability of this Court, consistent with its regular duties, to conduct and supervise the necessary hearings, probably over a considerable period of time in various cities in the United States, said proceedings should be held before a Master, to be appointed by the Court. However, in view of the insolvency of Artware, certain financial problems existed in connection with the compensation and expenses of the Master and a reporter to transcribe the proceedings, and the payment of witness fees and travel and maintenance expenses and other costs and expenses that might be incurred. It now appears that arrangements have been made to take care of these problems and an order has been prepared for entry appointing a Master, defining his duties and authority, and providing for the payment of compensation, costs and expenses involved in the hearings.

Counsel for the respective parties have requested that before the entry of such order, the Court rule on the following legal issue. This original unfair labor practice proceeding was directed against Artware alone. The decrees of this Court of July 30, 1952, and December 16, 1955, were not directed against the other four affiliated corporations by name. The contention is made that they are each separate corporations from Artware, they are not parties to this unfair labor practice proceeding or any other unfair labor practice proceeding, they have not been served with process, they are not before the Court for the purpose of being held responsible for the payment of the $300,000.00 in back wages, which the Court has ordered Artware to pay and which Artware has not paid, and that they are not subject to being adjudged in contempt of Court for refusal to pay this obligation of Artware. Pennoyer v. Neff, 95 U.S. 714, 727, 24 L.Ed. 565; N. Y. Life Ins. Co. v. Dunlevy, 241 U.S. 518, 36 S.Ct. 613, 60 L.Ed. 1140; Wetmore v. Karrick, 205 U.S. 141, 160, 27 S.Ct. 434, 51 L.Ed. 745. A similar contention is made on behalf of Weiner.

Weiner and each of the affiliated corporations, except Artware, entered a special appearance to the present petition for adjudication in contempt for the sole purpose of moving that the petition be dismissed for want of jurisdiction, and has asserted a defense "In the event the foregoing motion should be overruled, and without waiving the same * * *." Such a pleading does not amount to an entry of appearance conferring personal jurisdiction over a defendant. Rule 12 (b) Rules of Civil Procedure; Big Vein Coal Co. of West Virginia v. Read, 229 U.S. 31, 38, 33 S.Ct. 694, 57 L.Ed. 1053; Diaz-Montero v. Brownell, 217 F.2d 737, 738, C.A.9th; Kerr v. Compagnie de Ultramar, 250 F.2d 860, 864, C.A.2nd; Roumel v. Drill Well Oil Company, 270 F.2d 550, 555, C.A.5th.

The Board contends that the service of process on affiliated corporations is not necessary where the relationship between the separate corporations is such as to constitute them a single enterprise, in which case the corporate fiction is disregarded and jurisdiction over one of the corporations constitutes jurisdiction over all of them.

We are asked to rule on this issue at the present time, in as much as discovery proceedings would be a loss of time and money if it should later be held by this Court that jurisdiction did not exist over

the other four corporations, even though discovery proceedings established that the affiliated corporations constituted a single enterprise.

There may be a distinction between jurisdiction for the purpose of entering a judgment in personam and jurisdiction for adjudication in civil contempt. Bessette v. W. B. Conkey Co., 194 U.S. 324, 24 S.Ct. 665, 48 L.Ed. 997; Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 16, 65 S.Ct. 478, 89 L.Ed. 661. In any event, we believe that this question has been answered by the ruling in National Labor Relations Board v. Deena Artware, Inc., supra, 361 U.S. 398, 80 S.Ct. 441, 4 L.Ed.2d 400. In holding that if the corporations are treated as being separate and distinct corporations, the Court could not say that the transactions were so colorable as to warrant it in reversing the Court of Appeals, but "we think the Board is entitled to show that these separate corporations are not what they appear to be, that in truth they are but divisions or departments of a 'single enterprise.'" 361 U.S. at page 402, 80 S.Ct. at page 443, the Court was clearly of the opinion that if the "single enterprise" concept was established by the discovery proceedings, jurisdiction over the affiliated corporations would exist in contempt proceedings. Otherwise, it would have been useless to give the Board the right to proceed with discovery proceedings. See pages 403–404 of the opinion, pages 443–444 of 80 S.Ct., and the cases cited in notes 1–6. Other authorities which appear to support this view are N. L. R. B. v. C. C. C. Associates, Inc., 306 F.2d 534, 539, C.A.2nd; N. L. R. B. v. Tempest Shirt Manufacturing Company, 285 F.2d 1, C.A.5th; N. L. R. B. v. Ozark Hardwood Company, 282 F.2d 1, C.A.8th; N. L. R. B. v. Hopwood Retinning Co., 104 F.2d 302, C.A.2nd; National Labor Relations Board v. Colten, 105 F.2d 179, 183, C.A.6th; N. L. R. B. v. Rapid Bindery, Inc., 293 F.2d 170, 171, C.A.2nd. Accordingly, we overrule the motions of Weiner and the four corporations affiliated with Artware to dismiss the proceedings against them for want of jurisdiction.

■ An additional question should be given consideration by the Board before embarking upon lengthy and expensive discovery proceedings. In National Labor Relations Board v. Deena Artware, Inc., supra, 6 Cir., 261 F.2d 503, we held that the respondents were not guilty of contempt because the acts relied upon by the Board occurred prior to December 16, 1955, which we considered to be the effective date of the decree for disobedience of which, or resistance to which, contempt could be adjudged under the provisions of Section 401, Title 18, United States Code. We were of the view that the inherent, unlimited power of contempt had been specifically limited by Congress by that section to three classes of cases, therein set out. Ex parte Robinson, 19 Wall. 505, 22 L.Ed. 205. The only provision in that section applicable to the present case was "Disobedience or resistance to its lawful writ, process, order, rule, decree or command," which we construed as meaning an existing order or decree. As so limited, in our opinion, it did not apply to acts occurring prior to the entry of the decree of December 16, 1955, even though such acts were for the purpose of avoiding the effect of a decree which it was known would be entered later. See cases cited, 261 F.2d at page 509. This view was rejected by the minority opinion in National Labor Relations Board v. Deena Artware, Inc., 361 U.S. 398, 80 S.Ct. 441, 4 L.Ed. 2d 400. However, we construe the majority opinion as reserving a ruling on this question. 361 U.S. at pages 402, 404, 80 S.Ct. at pages 443, 444. Under the present ruling of this Court on that point, Artware is not in contempt of court. We believe it would follow that under that ruling the other four affiliated corporations would also not be in contempt of court even though it should be established that the five affiliated corporations constituted a single enterprise. The time when the acts complained of occurred,—that is, prior to December 16, 1955—would not be changed by such a

finding. We, of course, recognize that the present ruling of this Court is subject to another review by the Supreme Court, in which the issue will be finally adjudicated. It is one of the uncertainties in the case about which the Board will have to make its own decision.

An order will be entered (1) overruling the motions of Weiner, Products, Arlington, Sippi, and Industrial to dismiss the proceedings against them for lack of jurisdiction, (2) overruling the motion of the Board for adjudication of contempt at the present time against the respondents without prejudice to its later renewal, and (3) sustaining the alternate motion of the Board that the hearings in this proceeding be resumed for the purpose of having it submitted to Court on its merits. In conjunction with said order, another order is being entered appointing a Master, to whom these proceedings are being referred for the purpose of conducting hearings and the taking of proof with his recommendations of findings of fact and conclusions of law thereon.