## NATIONAL LABOR RELATIONS BOARD v. ANCHOR ROME MILLS.

Civ. A. No. 693.

United States District Court
N. D. Georgia, Atlanta Division.
Jan. 11, 1952.

William Pate, Atlanta, Ga., for plaintiff.

Frank A. Constangy, Atlanta, Ga., Matthews, Owen & Maddox and John W. Maddox, all of Rome, Ga., for defendant.

HOOPER, Chief Judge.

This proceeding is based on an application by National Labor Relations Board for an order enforcing obedience to a subpoena duces tecum. Response was filed by Anchor Rome Mills and the court heard oral argument; briefs were filed by both parties and seriously considered by the court.

### The Facts

There appears to be no disputed issue of fact, the pertinent facts in the matter being stated in the pleadings and briefs for both parties.

A brief outline of the proceedings follows:

On November 22, 1949 a charge was filed with the Regional Office of the National Labor Relations Board by the Textile Workers Union of America (C.I.O.) against respondent as follows:

"The Employer, in order to discourage membership in a labor organization on, before and after May 15, 1949, discriminated in regard to the hire, and tenure of employment and to terms and conditions of employment of the employees whose names appear on the attached sheets.

"By these and other acts and conduct within the past six months the Employer interfered, restrained and coerced its employees in the exercise of their rights as guaranteed in Section 7 of the Act [29 U.S.C.A. § 157]."

This charge was referred to Field Examiner Morris Miller of the National Labor Relations Board's Regional Office, for purposes of investigation. Respondent then voluntarily made available to said field examiner, at its plant and office in Rome, Georgia, all of its records as desired, and afforded the examiner full opportunity to interview respondent's employees, and to copy from its records such data as he desired. The examiner spent approximately a week at respondent's place of business, interviewed some fifty to seventy persons, examined and presumably copied respondent's records, all with respondent's knowledge and consent. These acts extended from January 30th to February 16th, 1950.

Following the above investigation no formal complaint was issued against respondent. On July 23, 1951, however, the Regional Director, apparently of his own volition, issued a subpoena duces tecum and served it upon respondent, commanding that respondent produce its books and records,[1] before the Regional Director in Atlanta. The purpose of this subpoena was to require all records tending to show the name, address, and other details concerning all persons employed by respondent during and subsequent to the period covered by the field examiner's investigations.

In its response, Anchor Rome Mills, while denying the validity of the subpoena duces tecum for reasons hereinafter stated, offers, if any specific instance of discrimination is pointed out, to furnish its books and records relating to that situation. It strenuously objects, however, to being required to gather all of the books and records referred to and transport them from Rome to Atlanta, a distance of some seventy miles, in response to this subpoena.

### The Law

As this matter is decided upon another ground, it is not necessary to rule whether the absence upon the face of the subpoena of the name of the party requesting the same, as required by the rules and regulations of the Board is a fatal defect. See Sec. 102.31, National Labor Relations Board Rules. Such requirement does illustrate that there can be no subpoena without a party, and that there can be no party to an unfair labor practice proceeding without a proceeding which arises out of the filing of a complaint.

The real and vital objection to the enforcement of this subpoena is that there exists no valid law or regulation authorizing the same. That this objection is valid is apparent from the language of the Labor Management Relations Act, Taft-Hartley Act, 29 U.S.C.A. § 141 et seq., the procedure under that act being as follows:

1. "You are hereby required to appear before Regional Director John C. Getreu, or his agents, of the National Labor Relations Board, at 537 Peachtree-Seventh Building, 50 Seventh Street N.E., in the City of Atlanta, Georgia on the 6th day of August 1951, at 10 o'clock a. m. of that day, to testify in the Matter of Anchor Rome Mills, Inc. and Textile Workers Union of America, CIO, Case No. 10–CA–903. And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

All records showing names, addresses, job classifications and dates of employment of all employees employed by said company from November 20, 1949 to July 23, 1951."

There are basically two types of procedures, one referring to investigations of bargaining representatives by the Board, the second being designed to prevent and rectify unfair labor practices.

When a Charge is filed by any complaining party the Regional Director, acting for the general counsel, may issue a complaint and a notice of hearing. Until he issues a complaint, however, the procedure, see Sec. 101.4, National Labor Relations Board Rules, is only one involving his investigation, which, under the terms of the statute, do not provide for any hearing at all. Should the matter not be otherwise disposed of, however, it is provided that any agent of the Board "shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board or a member thereof, or before a designated agent or agency, at a place therein fixed * * * The person so complained of shall have the right to file an answer * * * and to appear in person * * * and give testimony at the place and time fixed in the complaint. * * * Any such proceeding shall, so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the rules of civil procedure for the district courts of the United States." 29 U.S.C.A. § 160(b).

■ Proceedings under the aforesaid Act are subject to the provisions of the Administrative Procedure Act, see Section 6 of the Taft-Hartley Act, 29 U.S.C.A. § 156. The Administrative Procedure Act provides that no person shall be required to resort to organization or procedure which is not published as therein provided. 5 U.S.C.A. § 1002(a). Said Administrative Procedure Act also provides that agency subpoenas "shall be issued to any party upon request and, as may be required by rules of procedure, * * *." See 5 U.S.C.A. § 1005(c).

Pursuant to the above National Labor Relations Board has adopted statement of procedure for itself, Section 101.4 and 101.8 thereof, providing that when a Charge is filed "the National Director requests the person filing the Charge to submit evidence in its support" and "the Respondent is asked to submit a written statement of his decision in respect to the allegations." The case is assigned to a member of the Field Staff for investigation and "after full investigation the case may be disposed of through informal methods such as withdrawal, dismissal and settlement"; or, the case may necessitate formal methods of disposition.

■ The above statement of procedure adopted by the Board discloses that charges "may be disposed of through informal methods" but that formal complaints must be set down for hearing before a Trial Examiner, notice of the complaint served upon the proper parties and notice of hearing given. At any such hearing, as the act itself provides, rules of evidence are the same as in district courts.

■ From the foregoing it seems clear that in this type of proceedings subpoenas duces tecum may not be issued by the Regional Director until after the filing of a complaint. While the Board has an absolute right to issue subpoenas returnable to a trial examiner or hearing officer when there is a hearing in process, there is no provision by statute or by the Board's regulations, authorizing such a subpoena where no complaint has been filed.

A ruling contrary to the one here made would have consequences evidently not contemplated by this statute and the Administrative Procedure Act. An agent of the Board upon the mere filing of a Charge against either an employer or labor organization could require the suspect to produce at the office of the Regional Director, or at any other place, all of its books, records and documents before the proceeding had reached the stage where the filing of a complaint and a consequent hearing would be justified. There is no authority for such procedure in the absence of appropriate law and regulations creating and justifying such procedure. 5 U.S.C.A. § 1002(a).

The motion in this case to enforce the subpoena duces tecum is denied.