101 F.3d 292
 153 L.R.R.M. (BNA) 2905, 133 Lab.Cas. P 11,738
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
The H.P. TOWNSEND MANUFACTURING CO., A Subsidiary of Comtec,
Inc.; TCE Corporation; Mt Assembly Corporation;
Kimberley P. Barrett; Richard B.
Barrett; and David M. Somers,
Respondents.
 No. 1805, Docket 95-4153.
 United States Court of Appeals,
Second Circuit.
 Argued July 18, 1996.
Decided Dec. 2, 1996.
 
 John Burgoyne, National Labor Relations Board, Washington, D.C. (Marion Griffin, Attorney, Fredrick L. Feinstein, General Counsel, Linda Sher, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel), for Petitioner.
 Mark H. Dean, Hartford, CT, for Respondents.
 Before WINTER and LEVAL, Circuit Judges, and THOMPSON, District Judge.*
 WINTER, Circuit Judge:
 
 
 1
 The National Labor Relations Board petitions for the enforcement of an order against David M. Somers as an alter ego of H.P. Townsend Manufacturing. The Board found that Somers was instrumental in a surreptitious scheme to continue Townsend's business while evading a previous Board order against the company. Somers opposes enforcement on the ground that the Board failed to issue and serve him with a complaint. The Board concedes that he has never been served. Believing that a pleading must be served before making someone a party to a proceeding that might result in a judgment, we deny the Board's petition for enforcement against Somers.
 
 
 2
 We briefly sketch the facts. In 1991, the Board found that Townsend had committed unfair labor practices. We enforced an order against the company on July 15, 1992. The details of the various violations of the National Labor Relations Act ("NLRA") (29 U.S.C. § 151 et seq.) are not pertinent to the present proceeding. Subsequently, the International Union of Electronic, Electrical, Salaried and Furniture Workers, Local 281, AFL-CIO (the "Union") filed charges against Townsend, MT, TCE, Kimberley P. Barrett and Richard B. Barrett. On September 23, 1993, the Board issued and served a complaint against the respondents, alleging that they, as alter egos of Townsend, had engaged in a scheme to carry on Townsend's business while evading Townsend's obligations under the previous order. Consolidated with the complaint was a compliance specification, alleging that TCE, MT and the Barretts were alter egos of Townsend.
 
 
 3
 On October 21, 1994, the Union amended its charge to include Somers as a respondent. The charge alleged that Somers had engaged in unfair labor practices because he "[r]efused to recognize and bargain with" the Union and he "interrogated employees." Somers is a lawyer who had represented Townsend until September 1991 and thereafter represented TCE, MT, and the Barretts in the instant proceeding. The Board sent a copy of the Union's charge to Somers by facsimile and by mail on that same day.
 
 
 4
 On October 24, 1994, during a hearing on the complaint and compliance specification, Somers's attorney was present for the limited purpose of seeking to quash a subpoena duces tecum directed to Somers. At the hearing, a Board attorney orally moved to add Somers as a respondent to the complaint and compliance specification. Administrative Law Judge Nations ("the ALJ") granted the motion to amend and postponed the hearing date to November 8, 1994.
 
 
 5
 The ALJ asked Somers's attorney to inform his client of the amendment. Somers's attorney replied, "I will tell Mr. Somers, but I want to be clear that whatever service requirements there are still need to be adhered to. I am not accepting service for Mr. Somers here today." The ALJ then specifically directed the Board attorney to serve the amended complaint on Somers. We are advised that no amended complaint was even printed out, and Somers, of course, was never served. Instead, the Board sent a letter informing Somers that the ALJ had granted a motion to amend the complaint to include him. The Board enclosed a copy of the Union's amended charge with the letter. Both parties acknowledge that on November 3, 1994, a Board attorney personally served Somers a copy of the charge and the earlier letter. On November 4, Somers's attorney sent a letter to General Counsel informing the Board that Somers would not attend the November 8, 1994 hearing.
 
 
 6
 Somers did not attend the reconvened hearing. On December 6, 1994, however, he sent a letter to the ALJ protesting his lack of notice. The ALJ held that Somers "willfully let this case against him proceed." H.P. Townsend Mfg. Co., Inc., 34-CA-4196,4913,5099,5661, 1995 WL 433580 at * 5 (N.L.R.B. July 20, 1995). The ALJ reasoned that Somers had had adequate notice, because, as an attorney for other parties, Somers "was a participant in the investigation of all charges at issue and was plainly aware of their substance." Id. at * 5.
 
 
 7
 Accordingly, the ALJ found that Somers was an alter ego of Townsend; that he had had adequate notice to appear at the November 8, 1994 hearing to defend against alter ego status; and that he, himself, chose not to appear. Id. at * 5. The ALJ described Somers's conduct as "reflect[ing] a total lack of professional ethics" because Somers had condoned and directed perjury that hid his involvement in the case. Id. at * 29. The ALJ recommended to the Board that it discipline Somers. While the Board adopted the ALJ's findings as to alter ego status, id. at * 1, it decided against disciplining Somers for his conduct. Id. The Board now petitions for enforcement of its order against Somers.
 
 
 8
 Fundamental to our legal system is the requirement that, before a judgment or enforceable order is entered against a person, some form of pleading, giving notice of the charges, must be served upon that person. Unfair labor practice proceedings are no exception to that rule. Under NLRA § 10(b), unfair labor practice proceedings begin with service of a complaint upon the party charged. The complaint must contain notice of the charges and of a hearing to determine them. See NLRB v. Chelsea Labs., Inc., 825 F.2d 680, 682 (2d Cir.1987); NLRB v. Coca Cola Bottling Co. of Buffalo, 811 F.2d 82, 87 (2d Cir.1987). Notice "must inform the respondent of the acts forming the basis of the complaint." Pergament United Sales, Inc. v. NLRB, 920 F.2d 130, 135 (2d Cir.1990).
 
 
 9
 A charge does not initiate a formal unfair labor practice proceeding against a party. A charge is filed by a private party and "serves merely to set in motion the investigatory machinery of the Board." Texas Industries, Inc. v. NLRB, 336 F.2d 128, 132 (5th Cir.1964); see also NLRB v. Fant Milling Co., 360 U.S. 301, 307, 79 S.Ct. 1179, 1183, 3 L.Ed.2d 1243 (1959). The charge "is not designed to give notice to the person complained of.... It serves in limine the function of drawing the Board's attention to a cause...." Douds v. Intn'l Longshoremen's Ass'n, 241 F.2d 278, 284 (2d Cir.1957). Once a charge is filed, the Board decides whether to issue a complaint, terminate the investigation as unfounded, or dispose of the matter through informal methods. See NLRB v. Anchor Rome Mills, 103 F.Supp. 44, 46 (N.D.Ga.1952); cf. Gulf States Mfrs. v. NLRB, 579 F.2d 1298, 1303 (5th Cir.1978) (quoting Texas Industries ). Before the Board files a complaint, the action remains purely investigatory; no parties or judicial hearings exist. NLRB v. Kohler Co., 220 F.2d 3, 6 (7th Cir.1955) ("The controversy between the Board and the employer begins with the complaint prepared by the Board") (citations omitted); NLRB v. Anchor Rome Mills, 103 F.Supp. at 45.
 
 
 10
 The complaint, "much like a pleading in a proceeding before a court, is designed to notify the adverse party of the claims that are to be adjudicated so that he may prepare his case, and to set a standard of relevance which shall govern the proceedings at the hearing." Douds, 241 F.2d at 283. The Board's regulations also mandate that once the Board has decided to institute formal proceedings, it must file a complaint and serve it on the parties involved, together with a notice of a hearing before an administrative law judge no less than 14 days after service of the complaint. 29 C.F.R. § 102.15. Again, "[i]t is the complaint, not the charge, that gives notice to the party" of the nature of the allegations against him. Russell-Newman Mfg. Co. v. NLRB, 407 F.2d 247, 249 (5th Cir.1969).
 
 
 11
 In the instant case the Board issued and served a complaint against Townsend, TCE, MT, and the Barretts, alleging various alter-ego claims. However, it never issued or served an amended complaint on Somers naming him as a respondent. In fact, the Board never even printed out an amended complaint--the only evidence of the amendment being in a transcript of a hearing before the ALJ on November 8, 1994.[1]
 
 
 12
 The Board argues that even though it failed to issue and serve a complaint on Somers, Somers nevertheless received adequate notice because he: (i) received a copy of the amended charge; (ii) received a letter indicating that Judge Wallace had granted a motion to amend the complaint to include Somers; and (iii) had actual knowledge of the substance of the accusations against him. Reduced to pristine simplicity, the Board's argument is that Somers knew of the proceedings, of the nature of the charges against him, and of the amendment adding him as a respondent. He nevertheless declined to appear and defend. There is, therefore, in the Board's view, no harm in enforcing the order against him. Indeed, had an amended complaint naming Somers actually been brought into existence and served upon him, the course of history would have been unchanged, save for the wasting of paper.
 
 
 13
 We are unpersuaded. There was no attempt here even to prepare, much less serve, a pleading that is required to make persons parties to a proceeding in which a judgment or enforceable order may be entered against them (or a document purporting to have the same legal effect). Nor did Somers waive service or appear to defend. In these circumstances, we believe harmless error analysis should not apply.
 
 
 14
 The Board concedes the absence of service of the requisite pleading but argues that service was not needed because on the present record it is clear that Somers had knowledge of the allegations against him and of the grant of leave to amend the complaint. However, if service of a pleading can be replaced by what was done here, subject to factual findings concerning what a putative party knew about charges against it, when it knew about them for statutes of limitations purposes, what opportunity it had to defend, and about the endless other matters that would have to be answered under harmless error analysis, chaos would reign. Sooner or later we would have to address an argument that a legal proceeding may be properly started by a note thrown over a transom stating "You're sued and you know why." We decline to begin a descent down what appears to be a steep and very slippery slope.[2]
 
 
 15
 Of course, "[i]t is well established that the alter ego need only be given the opportunity to litigate alter ego status before being held liable for the unlawful acts of the other alter egos." H.P. Townsend Mfg. Co., Inc., 34-CA-4196,4913,5099,5661, 1995 WL 433580 at * 5; see also NLRB v. Deena Artware, Inc., 361 U.S. 398, 402, 80 S.Ct. 441, 443, 4 L.Ed.2d 400 (1960) (remanding for hearing on single enterprise status); NLRB v. Jordan Bus Co. 380 F.2d 219, 223 (10th Cir.1967) (holding that respondent is entitled to a hearing to present evidence as to whether it constituted single employer with the defendant); NLRB v. Deena Artware, Inc., 310 F.2d 470, 471 (6th Cir.1962) (remand from Supreme Court to determine single enterprise status). However, that is to say only that a party may be found to be an alter ego without relitigating the underlying unfair labor practices; it is surely not to say that one may be found to be an alter ego without service of a complaint making that charge.
 
 
 16
 The proceeding against Somers was, therefore, fundamentally defective. In failing to serve a complaint on Somers, the Board's lawyers ignored the explicit directions of the ALJ. In entering an order against Somers, the Board violated its own regulations and Section 10(b) of the NLRA. The proceeding as a whole probably violated the due process clause of the Fifth Amendment to the Constitution.
 
 
 17
 The Board argues that we should reject Somers's claim because he did not file an exception challenging jurisdiction with the Board, thus failing to preserve the issue for consideration in the present proceeding. Courts "lack[ ] jurisdiction to review objections that were not urged before the Board...." Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 666, 102 S.Ct. 2071, 2083, 72 L.Ed.2d 398 (1982). The Board's regulations state: "No matter not included in exceptions or cross-exceptions may thereafter be urged before the Board, or in any further proceeding." 29 C.F.R. § 102.46(g). The Board's failure to effect personal jurisdiction, however, undermines this argument. Somers had no obligation to file exceptions to proceedings to which he was never made a party.
 
 
 18
 We therefore deny the Board's petition.
 
 
 
 *
 Honorable Alvin W. Thompson, of the United States District Court for the District of Connecticut, sitting by designation
 
 
 [1]
 The Board's regulations specifically require that such motions be made in writing. 29 C.F.R. § 102.24(a) provides that: "motions made prior to the hearing ... shall be filed in writing.... All motions ... shall be filed therewith by transmitting three copies thereof together with an affidavit of service on the parties." "Hearing" refers to the hearing at which all parties are present to adjudicate the substance of the claim. 29 C.F.R. § 101.10. Because Somers was not yet a party, the failure to make a written motion is perhaps another, although less significant, procedural nicety by-passed in this proceeding
 
 
 [2]
 We of course reject the Board's argument that because Somers served as an attorney for the other respondents, service was unnecessary. Acting as counsel for other parties does not obviate the need for service of a pleading. Cf. McGuire v. Sigma Coatings, Inc., 48 F.3d 902, 907 (5th Cir.1995) ("The fact that [respondent] was an in-house counsel for the defendant corporation and had participated, to some extent, as a witness in the litigation, or had advised his employer about it, is by itself insufficient to overcome the deficiency in notice.")